

**ORDERED in the Southern District of Florida on March 31, 2026.**

**Scott M. Grossman, Chief Judge**
**United States Bankruptcy Court**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:

JOSEPH ANTHONY DE JESUS,                    Case No. 25-24904-SMG

    Debtor.                                      Chapter 13

_____/

### ORDER DENYING MOTION TO DETERMINE
### INTEREST RATE ON PERSONAL PROPERTY

Debtor Joseph Anthony De Jesus filed a motion to determine the interest rate on a claim of Capital One Auto Finance, a division of Capital One, N.A., secured by a lien on personal property.[1] But he only sent a copy of that motion via CM/ECF to the United States trustee and the chapter 13 trustee. Because this does not satisfy the service requirements of Federal Rules of Bankruptcy Procedure 7004(h) and 9014(b)(1), the motion will be denied without prejudice.

---

[1] Dkt. No. 25.

Mr. De Jesus filed this chapter 13 bankruptcy case on December 18, 2025.[2] On December 23, 2025, Capital One Auto Finance, a division of Capital One, N.A., filed a *Request for Notice Under Bankruptcy Rule 2002*[3] in which it requested, pursuant to 11 U.S.C. § 342(f)(1), that:

(i) all notices given or required to be given in the case; and

(ii) all pleadings and correspondence served or required to be served in this case, regarding Capital One Auto Finance, a division of Capital One, N.A. should be directed to AIS Portfolio Services, LLC at the following mailing address effective immediately:

Attn: Capital One Auto Finance, a division of Capital One, N.A. Department
AIS Portfolio Services, LLC
Account: XXXXXXXXX8273
4515 N Santa Fe Ave. Dept. APS
Oklahoma City, OK 73118.[4]

The request for notice was electronically signed by Amitkumar Sharma, Claims Processor.

On February 19, 2026, Mr. De Jesus filed a motion to determine the interest rate on Capital One Auto Finance's secured claim.[5] In the accompanying certificate of service,[6] counsel certified that true and correct copies of the motion and the related notice of hearing were served via CM/ECF on the United States trustee and the chapter 13 trustee, and via first class U.S. mail on all parties listed on the attached creditor mailing matrix. Despite this representation, no creditor mailing matrix was attached to the filing.

---

[2] Dkt. No. 1.
[3] Dkt. No. 8.
[4] *Id.*
[5] Dkt. No. 25.
[6] Dkt. No. 27.

Because Capital One Auto Finance is denominated as a division of an insured depository institution – Capital One, N.A. – the motion was required to be served under Federal Rules of Bankruptcy Procedure 7004(h) and 9014(b)(1). Rule 7004(h) requires service by certified mail addressed to an officer of the institution, unless one of three exceptions applies: (1) the institution has appeared by its attorney, in which case the attorney must be served by first class mail; (2) the court orders otherwise after applicable service upon the institution; or (3) the institution has waived in writing its entitlement to such service. None of these exceptions apply here. Capital One Auto Finance did not waive in writing its entitlement to service under Rule 7004(h), the Court has not ordered otherwise after service on Capital One Auto Finance, and Capital One Auto Finance has not appeared by its attorney in this case.

Capital One Auto Finance's request for notice under 11 U.S.C. § 342(f)(1) does not constitute an appearance by an attorney.[7] Indeed, there is no indication in the notice that Amitkumar Sharma – whose title on the notice is "Claims Processor" – is an attorney. An attorney who appears for a party in a case generally must file a notice of appearance under Federal Rule of Bankruptcy Procedure 9010(b). 11 U.S.C. § 342(f)(1), on the other hand, permits an entity to "file with any bankruptcy court a

---

[7] As evidenced by the Notices of Electronic Filing issued by CM/ECF – which does not list ECFNotices@aisinfo.com as a recipient of CM/ECF notice in this case – a request for notice under 11 U.S.C. § 342(f)(1) does not add the party filing the notice to the list of CM/ECF registered user email recipients in the case. A notice under 11 U.S.C. § 342(f)(1) does, however, add that party as an electronic recipient of notices that the Clerk of Court is required to serve and which are then served through the Bankruptcy Noticing Center. *Compare* Fed. R. Bankr. P. 9036(b)(1) ("*To Registered Users*. The clerk may send notice to or serve *a registered user* by filing the notice or document with the court's electronic-filing system.") (emphasis added) *with* Fed. R. Bankr. P. 9036(b)(2) ("*To All Recipients*. **For any recipient**, the clerk may send notice or serve a document by electronic means that the recipient consented to in writing, including by designating an electronic address for receiving notices.") (emphasis added); *see also* Fed. R. Bankr. P. 2002(a), (b), (d), (f), (k), (n), and (q) (each of which require the clerk or the court's designee to provide certain notices).

notice of address to be used by all the bankruptcy courts or by particular bankruptcy courts, as so specified by such entity at the time such notice is filed, to provide notice to such entity in all cases under chapters 7 and 13 pending in the courts with respect to which such notice is filed, in which such entity is a creditor."[8]

When a creditor files a request for notice under 11 U.S.C. § 342(f)(1), it is just that – a request for **notice**. Notice in bankruptcy cases is governed largely by Federal Rule of Bankruptcy Procedure 2002. Notice informs parties of certain events and intended actions in a bankruptcy case and gives parties an opportunity to object. Service, on the other hand, is different. Service is used to acquire personal jurisdiction over a party for purposes of adjudicating the party's legal rights.[9] Rules 7004 and 9014 require service, rather than notice.[10] And under Rules 7004(h) and 9014(b)(1), Mr. De Jesus was required to serve his motion and the notice of hearing by certified mail addressed to an officer of the institution. He failed to do so.

---

[8] 11 U.S.C. § 342(f)(1).

[9] *See* Fed. R. Bankr. P. 7004(f) ("If exercising jurisdiction is consistent with the United States Constitution and laws, serving a summons or filing a waiver of service under this Rule 7004 or the applicable provisions of Fed. R. Civ. P. 4 establishes personal jurisdiction over a defendant: (1) in a bankruptcy case; or (2) in a civil proceeding arising under the Code, or arising in or related to a case under the Code."); *see also Prewitt Enters., Inc. v. Org. of Petroleum Exporting Countries*, 353 F.3d 916, 921 (11th Cir. 2003) ("service of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served. . . . A court is required to have personal jurisdiction under the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution as a matter of individual liberty so that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.") (cleaned up); *S.E.C. v. Carrillo*, 115 F.3d 1540, 1543 (11th Cir. 1997) (noting the "well settled principle that 'service of process constitutes the vehicle by which the court obtains jurisdiction.'") (quoting *United Elec. Workers v. 163 Pleasant St. Corp.*, 960 F.2d 1080, 1085 (1st Cir. 1992)).

[10] Other Federal Rules of Bankruptcy Procedure requiring service – not just notice – include Rules 3007 (objecting to a claim); 3012 (determining the amount of a secured or priority claim); 4003(d) (avoiding a lien or other transfer of exempt property); 6004(c) (motion to sell property free and clear of liens and other interests); and 6006 (a proceeding to assume, reject, or assign an executory contract or unexpired lease, other than as part of a plan.).

5

Accordingly, it is **ORDERED** that Mr. De Jesus's *Motion to Determine Interest Rate on Personal Property (Vehicle) secured by Capital One Auto Finance, a division of Capital One, N.A. (Claim# 9)*[11] is **DENIED without prejudice**.

# # #

*Copy furnished to Brian J. Cohen, Esq. who must serve a copy of this Order on all interested parties and file a certificate of service thereof.*

---

[11] Dkt. No. 25.